IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

UNITED STATES OF AMERICA

v.                                                  CASE NO. 1:19cr00016

INDIVIOR INC. (a/k/a Reckitt Benckiser
    Pharmaceuticals Inc.) and
INDIVIOR PLC

## DEFENDANTS' REPLY TO GOVERNMENT'S OPPOSITION TO MOTION TO MODIFY DISCLOSURE ORDER

The government's terse response to Defendants' motion to modify the *ex parte* disclosure order entered in this matter on April 9, 2019 ("Order") (ECF No. 6), is inadequate to meet its burden, relies entirely on conclusory statements, and attempts to turn the law on its head. The government fails to cite a single case, statute, rule, or law of any kind in support of its position. The Federal Rules of Criminal Procedure and the cases interpreting the Rules leave no doubt that the burden is on the government to show "good cause" for entry of a protective order and that any such order must be narrowly tailored to address a clearly defined, specific and serious injury, which the government must establish through a particular and specific demonstration of fact, not conclusory statements.[1]

---

[1] Def. Motion, ECF No. 88 ¶¶ 7–10; *see* Fed. R. Crim. P. 16(d)(1); *United States v. Wecht*, 484 F.3d 194, 211 (3d Cir. 2007) ("Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not support a good cause showing"); *Anderson v. Cryovac, Inc.*, 805 F.2d 1, 7 (1st Cir. 1986) ("A finding of good cause must be based on a particular factual demonstration of potential harm, not on conclusory statements"); *United States v. Gangi*, No. 97 CR. 1215(DC), 1998 WL 226196, at *2 (S.D.N.Y. May 4, 1998); *In re Terrorist Attacks on September 11, 2001*, 454 F. Supp. 2d 220, 222 (S.D.N.Y. 2006) (same); *see also Shingara v. Skiles*, 420 F.3d 301, 306 (3d Cir. 2005); *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 142 (2d Cir. 2004) ("The party seeking a protective order has the burden of showing that good cause exists for issuance of that order."); *United States v. Carriles*, 654 F. Supp. 2d 557, 565–66 (W.D. Tex. 2009) (same); *United States v. Jones*, No. 06–CR–149, 2007 WL 4404682, at *2 (E.D. Tenn. Dec. 13, 2007*)* (same).

- 1 -

The government's response does none of this. Instead, the government relies on unsupported conclusory statements that could apply in any corporate criminal case, but in no way support the extreme restrictions in place here. The government posits that "the pharmaceutical industry is extremely competitive." (Opposition, ECF No. 102 at 2). But this adds nothing to the analysis. Every industry in this country could be described as extremely competitive. The government argues that the competitiveness of the pharmaceutical industry creates a "strong incentive" to use the discovery materials for business purposes. (Opposition, ECF No. 102 at 2). But the government utterly fails to *identify* which of the millions of pages of discovery are allegedly at risk for this reason, or to articulate how *any* of the documents (let alone all of the documents subject to the Order's restrictions) could be used for business purposes or why the specific safeguards in Defendants' proposed order would fail to adequately mitigate this risk. The government also summarily argues that witness intimidation or retaliation are risks, but fails to cite any experience since this investigation became known to Defendants in December 2013 that would justify this claim. Nor does the government articulate why the order proposed by Defendants does not sufficiently mitigate against such generic risks. Moreover, the government ignores altogether this Court's order in *United States v. Klein*, 2:14-cr-00011-JPJ-PMS, ECF No. 67 at 2 (W.D. Va. March 13, 2015) (Sargent, M.J.), which removed many of the same restrictions at issue here as "impractical."

The government also seeks to improperly shift its burden to Defendants. The government argues that "Indivior has not shown [that its law firms] lack sufficient resources to comply with the Court's order without incurring significant hardship," as if Indivior may be required to employ 2,500 lawyers to overcome the artificial barriers imposed by the original Order. (Opposition, ECF No. 102 at 2–3). But the legitimacy of a protective order depends on a satisfactory answer to the

opposite question: "what degree of protection is appropriate" so as to "ensure that a protective order is *no broader than necessary* to serve the intended purposes," *e.g.*, *United States v. Smith*, 985 F. Supp. 2d 506, 545 (S.D.N.Y. 2013) (internal quotation marks omitted) (emphasis added), not "how extreme a burden may be imposed on this defendant to overcome the protective order?" The government also seeks to burden shift by arguing that Indivior should make a showing of "particularized need" to share discovery materials. (Opposition, ECF No. 102 at 3). But it is the government, not the defendant, that must make "a particular and specific demonstration of fact" regarding the need for the requested protective order, not the other way around. *E.g.*, *Carriles*, 654 F. Supp. 2d at 565.

Rather than ground its argument in law or the specific facts of this case, the government resorts to the misleading characterization that the restrictions set forth in the Order now apply to the "relatively small" number of documents obtained by the government from sources other than Indivior. (Opposition, ECF No. 102 at 1 & 2). Yet the government at the same time fails to identify a *single* document that needs the extraordinary restrictions of the original Order, and obscures the burden on Indivior by failing to quantify the millions of pages that constitute the "relatively small" number of documents that would remain subject to the full restrictions of that Order.

In brief, this Court should:

(1) Modify its April 9 Order (ECF No. 6) as proposed by Defendants' motion (ECF No. 88); and

(2) Permit the government to apply for any further protective order as to specific portions of the discovery, upon a proper showing that the degree of protection is appropriate so as to ensure that a protective order is no broader than necessary to serve a proper purpose.[2]

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court modify its April 9 Order (ECF No. 6) as proposed by Defendants' motion (ECF No. 88).

---

[2] For example: Defendants have no intention to violate privacy interests of patient records. Defendants will join in fashioning appropriate restrictions on the use of such material, whether by negotiation and agreement with the government or by a further court order.

- 4 -

Dated: August 8, 2019

Respectfully submitted,

INDIVIOR INC. (a/k/a Reckitt Benckiser Pharmaceuticals Inc.) and INDIVIOR PLC

/s/ Thomas J. Bondurant, Jr.
By Counsel

Thomas J. Bondurant, Jr.
**Gentry Locke**
10 Franklin Road SE
Roanoke, Virginia. 24022
(540) 983-9389
bondurant@gentrylocke.com

Jennifer S. DeGraw
**Gentry Locke**
10 Franklin Road SE
Roanoke, Virginia. 24022
(540) 983-9445
degraw@gentrylocke.com

James M. Gross (admitted *pro hac vice*)
**Jones Day**
250 Vesey Street
New York, New York 10281
(212) 326-3733
jgross@jonesday.com

James P. Loonam (admitted *pro hac vice*)
**Jones Day**
250 Vesey Street
New York, New York 10281
(212) 326-3808
jloonam@jonesday.com

Peter J. Romatowski (admitted *pro hac vice*)
**Jones Day**
51 Louisiana Avenue NW
Washington, D.C. 20001
(202) 879-7625
pjromatowski@jonesday.com

Counsel for Defendants

- 6 -

## CERTIFICATE OF SERVICE

I hereby certify that I caused the foregoing to be presented to the Clerk of the Court for filing and uploading to the CM/ECF system, which will send notification of such filing to all counsel of record, on this 8th day of August, 2019.

/s/ Thomas J. Bondurant, Jr.
Counsel for Defendants