UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ABINGDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | UNDER SEAL |
| | ) | |
| INDIVIOR INC. (a/k/a Reckitt Benckiser Pharmaceuticals Inc.) and | ) ) | Case No. 1:19-cr-00016 |
| INDIVIOR PLC | ) | |

**UNITED STATES' SUR-REPLY REGARDING
INDIVIOR'S MOTION TO DISMISS THE INDICTMENT**

The United States of America ("United States") sur-replies to the "Reply Memorandum in Support of Motion to Dismiss the Indictment for Compound Grand Jury Misconduct" (Doc. 134) ("Reply") of Defendants Indivior Inc. (a/k/a Reckitt Benckiser Pharmaceuticals Inc.) and Indivior plc (collectively, "Indivior") as follows.

███████████████████████████████████████████████████████

█████████████████████████ Indivior's assertion that "'the grand jury' that returned the purported 'superseding indictment' was not the . . . grand jury that returned the original Indictment," Reply at 4 (emphasis omitted), is inaccurate.

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

█████████████████████████ Indivior's suggestion that the grand jury panel did not have "before it any of the evidence that the prosecutors collected by using the compulsory power of other grand juries," Reply at 3, is inaccurate.



Indivior's contention that the United States played a "shell game . . . with grand juries in this District" by using them "interchangeably for years as a tool to gather evidence for the convenience and purposes of the government, all the while preventing any opportunity for any of [them] to consider independently whether that evidence supports or precludes an indictment," Reply at 3-4, is inaccurate.

Because Indivior's argument is based on inaccuracies, its cases are not on-point. For instance, in *United States v. Leeper,* No. 06-cr-58A, 2006 WL 1455485, at *4 (W.D.N.Y. May 22, 2006), cited in Indivior's Reply at 5, n. 7, the court addressed a situation in which, during a trial, the government presented a new grand jury panel with a superseding indictment, instructing the panel that its role was merely to correct an omission in paperwork, and providing it with minimal evidence. That is not analogous.

Indivior's attempt to distinguish *Mills* is misguided. In *Mills*, the Fourth Circuit stated:

> When viewed after a petit jury guilty verdict, all doubt vanishes about whether a reasonable grand jury could find probable cause that a crime was committed. . . . However, prior to submitting the case to the petit jury, the inquiry is admittedly less certain, but by no means unmanageable. When reviewing the evidence prior to a verdict, the court need not decide with certainty whether the accused is guilty or innocent. The court need only concern itself with whether a reasonable grand jury could have concluded a crime had been committed by the accused based on the evidence before it. Certainty is not the standard, only probable cause must be findable by a reasonable set of grand jurors.

*United States v. Mills*, 995 F.2d 480, 489 (4th Cir. 1993). In the instant case, a reasonable grand jury could conclude, based on the evidence before it, that there was probable cause that a crime had been committed by Indivior. Accordingly, Indivior's motion should be denied.

    Respectfully submitted,

    DANIEL P. BUBAR
    First Assistant United States Attorney
    Attorney for the United States, Acting Under
    Authority Conferred by 28 U.S.C. § 515

    /s/ Albert P. Mayer, VSB No. 86024
    Randy Ramseyer
    Kristin L. Gray
    Joseph S. Hall
    Garth W. Huston
    Janine M. Myatt
    Carol L. Wallack

United States Attorney's Office
180 West Main Street
Abingdon, VA 24210
Tel:  (276) 628-4161
Fax:  (276) 628-7399
Email: albert.p.mayer@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that on September 19, 2019, I emailed the foregoing Sur-reply Regarding Indivior's Motion to Dismiss the Indictment to the Court, copying the Clerk of Court and all counsel of record in this matter, consistent with *Bell v. True*, 356 F. Supp. 2d 613, 617, n.3 (W.D. Va. 2005) (to seal non-ex parte material, the party requesting sealing should file a nonconfidential motion, explaining generally why public disclosure should not be permitted, and simultaneously submit the material sought to be sealed to the court, so it may be considered along with the motion).

/s/ Albert P. Mayer, VSB No. 86024