UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ABINGDON

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>INDIVIOR INC. (a/k/a Reckitt Benckiser )<br>  Pharmaceuticals Inc.) and )<br>INDIVIOR PLC ) | Case No. 1:19-cr-00016 |

**UNITED STATES' RESPONSE IN OPPOSITION TO
INDIVIOR'S MOTION FOR BILL OF PARTICULARS**

The United States of America ("United States") opposes the Motion for Bill of Particulars (Doc. 136) ("Mot.") and Memorandum in Support (Doc. 137) ("Mem.") of Defendants Indivior Inc. (a/k/a Reckitt Benckiser Pharmaceuticals Inc.) and Indivior plc (collectively, "Indivior") as follows.

## I.    INTRODUCTION

Indivior's Motion should be denied because it seeks "every" item of evidence on certain issues, which is not the function of a bill of particulars, and requests factual details that have already been provided to the company.

## II.    FACTS

- **Indivior Request No. 1.** Indivior seeks "[e]very false or fraudulent statement or representation the government intends to introduce at trial." Mot. at 1.
    - The Superseding Indictment (Doc. 115) includes a 30-paragraph chart identifying false and fraudulent statements and representations Indivior made to doctors and pharmacists by date, location, and substance, *see* Superseding Indictment at ¶¶ 43-72; a list of false and fraudulent statements and representations in written marketing materials, *see id.* at ¶

76; a recitation of false and fraudulent statements and representations to government bodies and others, *see id.* at ¶¶ 78-96; and it links statements to specific Indivior executives and personnel, *see, e.g., id.* at ¶¶ 33-41.

- o Many of the statements and representations are quotes from Indivior documents, and the United States has identified and provided these documents to Indivior on a disc.

- **Indivior Request No. 2.** Indivior seeks the "basis for the government's assertion that any such statement or representation is false or fraudulent." Mot. at 1.

  - o The Superseding Indictment explains that Indivior had no studies showing that Suboxone Film is safer, less susceptible to diversion and abuse, less dangerous around children, more ethical, protects the community, weeds out drug seekers, prevents health care providers from being prosecuted, safeguards buprenorphine treatment from being banned, or supporting its other, similar claims, *see* Superseding Indictment at ¶ 17 ("no scientific studies"); the FDA declined to approve Indivior's safety claims, and Indivior executives discussed that Suboxone Film could be more dangerous than alternatives in some respects, *see id.* at ¶¶ 27-29, 74-75 ("risk/benefit is not favorable for our film;" once Suboxone Film is in a child's mouth, "we know, it's stuck"); Indivior altered and withheld data inconsistent with its claims, *see id.* at ¶¶ 74, 94 ("more frequently abused parenterally"); and more.

- o  Many of the statements and representations are quotes from Indivior documents, and the United States has identified and provided these documents to Indivior on a disc.
- **Indivior Request No. 3.** Indivior seeks "[e]very action or communication" showing it aided doctors who its medical affairs manager said were engaged in "serious breaches of DATA 2000 (excess patients) along with very careless and clinically unwarranted prescribing behaviors (% of patients above 24mg)" and "need to be removed from the [buprenorphine] practice arena." Mot. at 1-2 (referencing Superseding Indictment at ¶ 100).
    - o  The Superseding Indictment lays out, in approximately 40 paragraphs, how Indivior aided such physicians, including dates and locations, with personnel identified by their job titles, *see id.* at ¶¶ 98-143.
    - o  Indivior's and its contractors' documents identify the doctors and Indivior's patient referrals to them. *E.g.*, RBP0114_8629897 (list of doctors with addresses, patient counts, prescription volumes, and more); M2077_78_81_0000003 (list of referrals by date, location, and more).
- **Indivior Request Nos. 4-6.** Indivior seeks details regarding the alleged conspiracy. Mot. at 2.
    - o  The Superseding Indictment describes the conspiracy in detail, including dates of, and quotes from, pertinent conversations. *See* Superseding Indictment at ¶¶ 16-18 (origin of conspiracy), 21-22, 24, 26 (planning by executives and managers), 28-29 (disregarding adverse information), 33-34 (providing encouragement to further scheme), 35 (establishing

incentives to further scheme), 36-38 (encouragement to further scheme), 39-72 (execution of scheme), 74-76, 80 (concealment of scheme), 85-88, 91-96 (execution of scheme), 101 (further planning), and more.

- o Again, the United States has identified and provided pertinent documents to Indivior on a disc.

- **Indivior Request No. 7.** Indivior seeks information regarding its own contractor's patient referrals to doctors. Mot at 2.
  - o The information is set forth in Indivior's contractor's documents. *E.g.*, M2077_78_81_0000003 (listing referrals by date, location, and more).

- **Indivior Request No. 8.** Indivior seeks "[a]ny actions attributable to Indivior PLC." Mot. at 2-3.
  - o As set forth in the Superseding Indictment at ¶¶ 2-3, in approximately December 2014, Reckitt Benckiser Pharmaceuticals Inc. became Indivior Inc. Thereafter, the chief executive officer and medical director were employed by Indivior plc, which owned, controlled, managed, and operated Indivior Inc. The Superseding Indictment attributes numerous actions to these individuals, *see, e.g., id.* at ¶¶ 22, 26, 29, 35, 41, 74, 76, 84, 87, 147, including that they did not contact doctors, pharmacists, or others to correct or retract fraudulent statements Indivior had made, *see id.* at ¶¶ 74-75, and they had Indivior refer patients to doctors who prescribed buprenorphine in a careless and clinically unwarranted manner, *see id.* at ¶¶ 112, 142, while serving as executives of Indivior plc. In these ways and others, Indivior plc continued the conspiracy with Indivior Inc.

### III.  LAW AND ARGUMENT

A bill of particulars cannot be used in the manner in which Indivior is attempting to use it. Moreover, in this matter, a bill of particulars is unnecessary and the request for one should be denied because the Superseding Indictment more than sufficiently apprises Indivior of the charges against it.

A bill of particulars cannot be used to obtain discovery to which a defendant is not entitled under the Federal Rules of Criminal Procedure, to require the government to reveal the details of its evidence prior to trial, or to make the government disclose how it will prove the crimes charged.  *See, e.g.*, *United States v. Automated Medical Labs, Inc.*, 770 F.2d 399, 405 (4th Cir. 1985) (a bill of particulars "is not to be used to provide detailed disclosure of the government's evidence in advance of trial"); *United States v. Anderson*, 481 F.2d 685, 690-91 (4th Cir. 1973) (bill of particulars for entire range of Government's evidence properly denied by district court).  Prior to trial, a defendant is entitled to information concerning only the "essential" elements of the crimes charged.  *See*, *e.g.*, *Anderson*, 481 F.2d at 690 (purpose of bill of particulars is to provide an essential detail not in the indictment); *United States v. Palin*, No. 1:14-cr-23, 2015 WL 6134128, at *6 (W.D. Va. Oct. 16, 2015) (at the indictment stage, the defense is entitled to know only the essential elements of the crime charged).

Accordingly, a bill of particulars is unnecessary and should be denied where the indictment sufficiently apprises a defendant of the charges against it.  *See*, *e.g.*, *United States v. Cuong Gia Le*, 310 F. Supp. 2d 763, 781-82 (E.D. Va. 2004) ("it is well-settled that a bill of particulars is intended to fairly apprise the defendant of the charges against him so that he may adequately prepare a defense and avoid surprise at trial and must not be used to provide a detailed disclosure of the government's evidence in advance of trial," thus "a court must not

direct the government to reveal the details of its evidence or the precise manner in which it will make its proof in a bill of particulars" (internal citations and quotations omitted)); *United States v. Toliver*, 972 F. Supp. 1030, 1042 (W.D. Va. 1997) (denying bill of particulars because the indictment adequately informed the defendant about his criminal actions and the time period during which they occurred). Furthermore, a bill of particulars is generally unnecessary where the government produces its investigative files to the defendant to allow it access to the evidentiary materials supporting the indictment. *See, e.g., United States v. Soc'y of Indep. Gasoline Marketers of Am.*, 624 F.2d 461, 466 (4th Cir. 1979) (holding that the defendants were not entitled to further information pursuant to a bill of particulars when the "Government supplied [them] with copies of all grand jury testimony[;] access to all documents subpoenaed from non-defendants; all documents voluntarily submitted to the Government by third parties in the course of the investigation; and all available Brady material"). This is especially true where the government has provided defendants with charts or summaries identifying information concerning the essential elements of the crime. *See United States v. Modi*, 197 F. Supp. 2d 525, 530 (W.D. Va. 2002).

In this case, the Superseding Indictment includes an abundance of detail providing Indivior with more than sufficient notice about its scheme to increase prescriptions of Suboxone Film by (a) misleading providers, patients, payers and others to believe Suboxone Film is safer, less susceptible to diversion and abuse, less dangerous around children, more ethical, protects the community, weeds out drug seekers, prevents physicians from being prosecuted, safeguards buprenorphine treatment from being banned, and the like; (b) giving them false statistics, charts, and graphs; and (c) withholding information inconsistent with these claims from them, such as by taking a "don't ask, don't tell" approach to unfavorable data.

First, contrary to Indivior's argument (Mem. at 2), the Superseding Indictment includes ample information about the agreed-upon scheme and, thus, conspiracy. The Superseding Indictment includes numerous allegations and details about the inception, in 2006 and 2007, and the further development, during the time period 2008 to 2012, of Indivior's scheme to develop a "safety story" about Suboxone Film and use it to increase prescriptions and thwart generic versions of Suboxone Tablet. *See, e.g.*, Superseding Indictment at ¶¶ 16-18, 21-22, 24, 26, 28-29, 33-34, 35, 36-38, 39-72, 74-76, 80, 85-88, 91-96, 101. A bill of particulars providing more details is not required. It is well-established that there is no requirement that all details about acts constituting the formation of a conspiracy be provided prior to trial. *See, e.g.*, *United States v. Coleman*, No. 3:17-cr-00008, 2018 WL 1386265, at *4-5 (W.D. Va. March 19, 2018). In *Coleman*, the court required the government to provide only a "summary" of the agreement constituting the conspiracy, and it did so only because the indictment was "sparse" and did "not provide much detail about the conduct that [was] part of the eight year conspiracy charge." 2018 WL 1386265, at *4-6, n. 2. Here, however, far more than a summary is included in the Superseding Indictment.

Second, Indivior is incorrect that the Superseding Indictment fails to adequately identify the overt acts in furtherance of the unlawful scheme and conspiracy. It includes numerous allegations about how, starting immediately after FDA's approval of Suboxone Film in September 2010, Indivior actually used its false and fraudulent "safety story" to influence providers to prescribe Suboxone Film. *See, e.g.*, Superseding Indictment at ¶¶ 36-72. More than 30 specific examples of false and fraudulent statements made by sales representatives to health care providers are set forth, along with the dates on which they were made and the states in which they were communicated. Examples of false and fraudulent statements in marketing

materials are also provided. *See id.* at ¶ 76(a)-(f). The Superseding Indictment also gives detailed information about the false and fraudulent statements made by Indivior, regarding the reason why Indivior withdrew Suboxone Tablet from the market and about Indivior's use of that feigned reason to falsely and fraudulently market Suboxone Film. *See id.* at ¶¶ 83-87. In addition, examples of false and fraudulent statements made directly and indirectly to state Medicaid agencies are set forth in the Superseding Indictment along with the dates on which and states in which they were made. *See id.* at ¶¶ 90-96. The false and fraudulent statements and representations are further described as part of Count 2 of the Indictment. *See id.* at pages 38-39. Contrary to Indivior's assertion (Mem. at 2), the government is not obligated to identify every overt act or "every false or fraudulent statement or representation that the government may attempt to introduce at trial." *See, e.g.*, *Automated Medical Labs, Inc.*, 770 F.2d at 405 (4th Cir. 1985) (a bill of particulars "is not to be used to provide detailed disclosure of the government's evidence in advance of trial"). The examples in the Superseding Indictment provide sufficient notice about the nature of the false and fraudulent statements, and the documents that the government provided to Indivior, most of which are Indivior's and its contractors' documents, include more evidence of the use of the false and fraudulent "safety story" statements made to further the scheme and conspiracy.

Third, the Superseding Indictment sufficiently describes why Indivior's "safety story" and marketing messages were false and fraudulent. For example, it includes allegations that Indivior knew it had no studies establishing the story, *see id.* at ¶ 17; the FDA declined to approve related claims, and Indivior executives discussed that Suboxone Film could be more dangerous than alternatives in some respects, *see id.* at ¶¶ 27-29, 74-75; Indivior altered and withheld data inconsistent with the story, *see id.* at ¶¶ 74, 94; and more. As the United States

explained in its Response in Opposition to Indivior's Motion to Compel (Doc. 146) at 10-11, 13-14, there is no merit to either Indivior's claim that it is mystified about the reasons why its marketing of Suboxone Film was misleading, or its use of cherry-picked statements by government personnel (which statements it misled those individuals to make) to justify its false and fraudulent representations about Suboxone Film. Mem. at 8-10. Indivior is also well aware that, in February 2013, the FDA rejected its claim that it discontinued marketing Suboxone Tablets in the United States (but not other countries) due to "safety concerns," and denied its petition to block generic tablets based on safety concerns.

Fourth, the Superseding Indictment provides more than sufficient information concerning Indivior's knowingly marketing Suboxone Film to prescribers Indivior had determined were issuing careless and clinically unwarranted prescriptions as part of its illicit scheme and conspiracy to increase prescriptions. There are numerous allegations concerning Indivior's marketing of Suboxone Film to prescribers whom it knew were prescribing Suboxone and other buprenorphine drugs to more patients than allowed by federal law, at doses that were higher than shown to provide a clinical advantage, and in other careless and clinically unwarranted manners. Allegations about such marketing are further illustrative of overt acts in furtherance of the conspiracy. The Superseding Indictment describes the means by which Indivior encouraged these prescribers to prescribe Suboxone Film, including Indivior's referral program and treatment advocate program (*see id.* at ¶¶ 98-99); how and why Indivior knew they were issuing careless and clinically unwarranted prescriptions (*see id.* at ¶¶ 100-101); and provides examples of four prescribers whom Indivior kept in its referral program and to whom it otherwise kept marketing Suboxone Film despite its knowledge that they were issuing careless and clinically unwarranted prescriptions (*see id.* at ¶¶ 102-12 (Dr. A in Virginia); 113-27 (Drs. B and C in

Tennessee); 128-43 (Dr. D in Kentucky)). Contrary to Indivior's contention (Mem. at 16), it has the information about the patient referrals to Doctor A.

There is nothing vague or general about the allegations. The Superseding Indictment provides dates and locations of essential events, communications, and documents relating to the creation, development, and execution of the scheme and the overt acts. Moreover, most of the documents described and quoted in the Superseding Indictment are from Indivior and its contractors, Indivior is well-aware of their existence and identity, and the United States has explained their significance. Under these circumstances, a bill of particulars is unwarranted.

## IV. CONCLUSION

Indivior's Motion for Bill of Particulars (Doc. 136) should be denied.

Respectfully submitted,

DANIEL P. BUBAR
First Assistant United States Attorney
Attorney for the United States, Acting Under
Authority Conferred by 28 U.S.C. § 515

/s/ Albert P. Mayer, VSB No. 86024
Randy Ramseyer
Kristin L. Gray
Joseph S. Hall
Garth W. Huston
Janine M. Myatt
Carol L. Wallack
United States Attorney's Office
180 West Main Street
Abingdon, VA 24210
Tel:   (276) 628-4161
Fax:  (276) 628-7399
Email: albert.p.mayer@usdoj.gov

**CERTIFICATE OF SERVICE**

I certify that on September 24, 2019, I electronically filed the foregoing Response in Opposition to Indivior's Motion for Bill of Particulars with the Clerk of Court via the CM/ECF system, which will send notification of the filing to all counsel of record in this matter.

/s/ Albert P. Mayer, VSB No. 86024