# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | Case No. 1:19CR00016 |
| v. ) | **OPINION AND ORDER** |
| ) | **AS TO OBJECTIONS RE** |
| ) | **RULE 17(c) SUBPOENAS** |
| **INDIVIOR INC., ET AL.,** ) | By: James P. Jones |
| ) | United States District Judge |
| Defendants. ) | |

*ARGUED:* Albert P. Mayer, Assistant United States Attorney, Abingdon, Virginia, for United States; Leigh A. Krahenbuhl, JONES DAY, Chicago, Illinois, for Defendants. *ON BRIEF:* Daniel P. Bubar, First Assistant United States Attorney, Randy Ramseyer, Kristin L. Gray, Joseph S. Hall, Garth W. Huston, Janine M. Myatt, and Carol L. Wallack, Assistant United States Attorneys, UNITED STATES ATTORNEY'S OFFICE, for United States; David Morrell, Deputy Assistant Attorney General, Matthew J. Lash, Charles J. Biro, U.S. DEPARTMENT OF JUSTICE, CIVIL DIVISION, CONSUMER PROTECTION BRANCH, for United States; Peter J. Romatowski, James P. Loonam, and James R. Wooley, JONES DAY, for Defendants; Thomas J. Bondurant, Jr., and Jennifer S. DeGraw, GENTRY LOCKE, for Defendants.

In this criminal case, the defendants, Indivior Inc. and Indivior PLC, filed a Motion for the Issuance of Rule 17(c) Subpoenas to obtain materials from various federal and state agencies. The magistrate judge partially granted and partially denied the motion. The defendants have objected to the denial by the magistrate judge of the request for materials relating to four physicians referred to in the

Superseding Indictment, whereas the government has objected to the granting of any subpoenas. I will grant the government's objections as to all of the subpoenas.

I.

The defendants are alleged to have deceived health care providers and benefit programs into believing that the prescription medication Suboxone® (buprenorphine and naloxone) sublingual film is safer and less susceptible to diversion and abuse than other similar drugs. The Superseding Indictment charges the defendants with: (1) one count of conspiracy to commit mail, wire, and healthcare fraud, all in violation of 18 U.S.C. § 1349; (2) one count of healthcare fraud, in violation of 18 U.S.C. §§ 2, 1347; (3) four counts of mail fraud, in violation of 18 U.S.C. §§ 2, 1341; and (4) twenty-two counts of wire fraud, in violation of 18 U.S.C. §§ 2, 1343.

In their request for several Rule 17(c) subpoenas, also known as subpoenas duces tecum, the defendants seek a catalogue of information from various federal and state agencies. These requests span from complete agency files for seven unindicted physicians, agency analysis reports and their underlying materials (including but not limited to factual data and internal memoranda), agency records related to the receipt and review of Indivior Inc.'s submitted promotional and marketing materials over a ten-year period, as well as Indivior Inc.'s self-assessments, internal records and correspondence between researchers relating to certain research, to any records reflecting and supporting certain views and

statements espoused by the federal agencies.  The defendants assert that these materials should have been provided by the government during Rule 16 discovery, so that a Rule 17(c) subpoena is necessary to gather the requested information to effectively prepare for trial.

In opposition, the government argues that the defendants are misusing Rule 17(c) to impose civil discovery-type burdens on the recipients of the subpoenas.  The government claims that the requested material is neither relevant nor admissible at trial, and the requests are not sufficiently specific and instead encompass broad swaths of potential discovery that will grind the trial schedule to a halt.  The government emphasizes that the defendants do not know whether the requested information even exists, which goes against the purpose of Rule 17(c).

In her Memorandum Order, the magistrate judge found that the defendants had demonstrated the relevancy, admissibility, and specificity of a subsection of their requested information.  The magistrate judge specifically permitted the issuance of subpoenas duces tecum to three federal agencies, as follows: (1) the Substance Abuse and Mental Health Services Administration (SAMHSA), for records reflecting the agency's analysis behind three conclusions or reports published on the agency's website; (2) the Food and Drug Administration (FDA), for records reflecting its receipt and review of Indivior Inc.'s submissions to it for a period of ten years, as well as internal records reflecting the agency's analysis behind

six conclusions or reports published on the agency's website; and (3) the Centers for Disease Control and Prevention, for records reflecting the agency's analysis behind two conclusions or reports published on the agency's website, including any separate views expressed by the respective researchers.

The magistrate judge denied the defendants' requests relating to potential investigations into seven physicians by the Drug Enforcement Administration (DEA), SAMHSA, and various state agencies on relevancy, admissibility, and lack of specificity grounds. The magistrate judge also noted that the defendants did not specify which of the seven physicians were the four physicians identified in the Superseding Indictment nor the relevance of the information sought regarding the other three physicians.

II.

Under Rule 59(a) of the Federal Rules of Criminal Procedure, when a party objects to a nondispositive order of a magistrate judge, I must review the order to determine whether it is contrary to law or clearly erroneous. Fed. R. Crim. P. 59(a). An order is clearly erroneous when "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Minyard Enters., Inc. v. Se. Chem. & Solvent*

*Co.*, 184 F.3d 373, 380 (4th Cir. 1999).[1] An order is contrary to law "when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *United States v. Dunlap*, No. 1:12CR00044-004, 2013 WL 30145, at *1 (W.D. Va. Jan. 2, 2013).

Discovery in federal criminal cases is governed by federal statute, the Federal Rules of Criminal Procedure, and case law. *See, e.g.*, 18 U.S.C. § 3500; Fed. R. Crim. P. 12, 12.1, 12.2, 12.3, 16, 26.2, and 46(j); *Giglio v. United States*, 405 U.S. 150 (1972) (holding that the government must disclose potential impeachment information for witnesses); *Brady v. Maryland*, 373 U.S. 83 (1963) (holding that the government must disclose potential exculpatory information). A Rule 17(c) subpoena commands

> the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

Fed. R. Crim. P. 17(c)(1).

The leading Supreme Court cases interpreting this standard are *Bowman Dairy Co. v. United States*, 341 U.S. 214 (1951), and *United States v. Nixon*, 418 U.S. 683 (1974). The *Bowman* Court recognized that subpoenas duces tecum are

---

[1] I have omitted internal quotation marks, alterations, and citations throughout this opinion, unless otherwise noted.

not intended to provide a means of discovery for criminal cases but are instead intended to expedite trial by providing a time and place for the inspection of subpoenaed materials before trial. *Bowman*, 341 U.S. at 220 (holding that Rule 17(c) subpoenas are not a substitute for discovery, as "[i]t was not intended by Rule 16 to give a limited right of discovery, and then by Rule 17 to give a right of discovery in the broadest terms").

Between *Bowman* and *Nixon*, a number of courts utilized the four-factor test set forth in *United States v. Iozia*, 13 F.R.D. 335, 338 (S.D.N.Y. 1952), in which the movant must show: (1) that the materials are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general fishing expedition. The *Nixon* Court adopted the principles behind this four-factor test, and distilled them into three hurdles that the moving party must surpass before a subpoena duces tecum will issue, namely: relevancy, admissibility, and specificity. *Nixon*, 418 U.S. at 700.

Yet the movant must demonstrate more than *potential* relevancy or admissibility. Rather, the party requesting the subpoena duces tecum must demonstrate a "sufficient likelihood that the requested material is relevant to the

offenses charged in the indictment, and [make] a sufficient preliminary showing that the requested material contains evidence admissible with respect to the offense charged." *United States v. Lindberg*, No. 5:19-CR-22-MOC-DSC-1, 2019 WL 7000089, at *3 (W.D.N.C. Dec. 20, 2019) (noting that "[c]onclusory allegations of relevance and admissibility are insufficient"). As for the specificity prong, courts require "more than the title of a document and conjecture as to its contents." *United States v. Underwood*, No. 0:19-cr-00420-JMC-1, 2019 WL 5078351, at *3 (D.S.C. Oct. 10, 2019). Rule 17(c) subpoena requests for "any and all" documents are, therefore, "too broad to meet the test outlined in *Nixon*." *United States v. Wai Lun Ng*, No. 5:07CR24-V, 2007 WL 3046215, at *3 (W.D.N.C. Oct. 16, 2007). Finally, I must account for any potential privileges that may be implicated by the movant's requested subpoena duces tecum. *See Nixon*, 418 U.S. at 703 (discussing the President's assertions of executive privilege).

### III.

Upon careful consideration of the grounds of the dueling objections, I find that the magistrate judge's decision was clearly erroneous and contrary to law.

Enforcement of a pretrial subpoena duces tecum is committed to the sound discretion of the trial court. *Nixon*, 418 U.S. at 702. "Rule 17 clearly contemplates some intervention by the Court before a subpoena duces tecum can be made returnable pretrial." *United States v. Ging-Hwang Tsoa*, No. 1:13CR137 (JCC),

2013 WL 5837631, at *2 (E.D. Va. Oct. 29, 2013); *see also United States v. Beckford*, 964 F. Supp. 1010, 1020–21 (E.D. Va. 1997) (holding that the "may direct" language in Rule 17(c) "confers judicial discretion to determine . . . whether production before trial is permissible at all, and, if so, when").

I find that the defendants have failed to carry their burden to satisfy each of the *Nixon* factors for the materials requested in their numerous subpoenas duces tecum. A Rule 17(c) subpoena "cannot substitute for the limited discovery otherwise permitted in criminal cases[,] and the hope of obtaining favorable evidence does not justify the issuance of such a subpoena." *United States v. Caro*, 597 F.3d 608, 620 (4th Cir. 2010) (noting that the defendant's requested subpoenas "cast a wide net that betokens a general fishing expedition" that "merely duplicate[d] Caro's discovery motion under Rule 16(a)(1)(E)"). The defendants' justifications thus far have fallen within this impermissible space, and admittedly mirror their previous Motion to Compel.

First, and as a threshold matter, I find that the defendants' subpoenas are not sufficiently specific. Despite the defendants' arguments in their briefs that their requests are physician-specific or specific to certain researchers, this is not the test for specificity. Instead, Rule 17(c) is "designed to ensure that the use of trial subpoenas is limited to securing the presence at trial of *particular documents or sharply defined categories of documents.*" *United States v. Crosland,* 821 F. Supp.

1123, 1129 (E.D. Va. 1993) (emphasis added). The defendants are therefore required to provide details about when the documents were created, their contents, and their authors. *See United States v. Skelos*, No. 15-CR-317 (KMW), 2018 WL 2254538, at *3–4 (S.D.N.Y. May 17, 2018) (also noting that requests for entire investigative files are improper because they "often contain many documents that are inadmissible on hearsay or other grounds"); *United States v. Williams*, No. 1:09CR414 (JCC), 2010 WL 5113106, at *2 (E.D. Va. Dec. 6, 2010) (quashing subpoena as failing *Nixon* test because "[a]ll documents and evidence in possession of the [law enforcement agency] relating to the case . . . is not limited to 'particular' documents or 'categories' of documents—it is everything"). The defendants do not satisfy this requirement with their broad request for complete files and their broad definition of records within the attachment to their subpoenas.

In addition, the defendants have requested the unspecified views of both named individuals in specific instances and a vast group of unnamed potential agency employees on a broad topic. *See, e.g.*, Defs.' Mem. Supp. 16, ECF No. 230 ("The records relating to the congressional testimony of FDA Commissioner Scott Gottlieb in October 2017 *and any other FDA personnel* regarding the expanded utilization of buprenorphine treatments.") (emphasis added). Besides being vague and overbroad, the requested statements are also not subject to a Rule 17(c) subpoena due to the limitation in 17(h). ("No party may subpoena a statement of a witness or

of a prospective witness under [Rule 17(h)]. Rule 26.2 governs the production of the statement." Fed. R. Crim. P. 17(h).) Rule 26.2, in turn, follows the restrictions set forth in the Jencks Act. *See* 18 U.S.C. § 3500; *see also Beckford*, 964 F. Supp. at 1032.

I agree with the government that these requests "represent exactly the kind of expansive, imprecise discovery that falls outside the scope of Rule 17(c)." *Lindberg*, 2019 WL 7000089, at *2. Indeed, the sheer breadth of the subpoena requests indicates that the defendants are engaging in a fishing expedition, which is simply not permitted under Rule 17(c). *See Williams*, 2010 WL 5113106, at *2; *see also United States v. Sobral*, No. 96-4770, 1998 WL 276263 at *2 (4th Cir. May 29, 1998) (unpublished). The defendants' broad requests could amount to thousands of pages of responsive material that the defendants hope will reveal evidence to support the formation of a defense. The defendants' motion could be denied on this basis alone.[2]

Second, I agree with the government that the defendants have not made a sufficient preliminary showing of relevancy for the requested discovery. It is evident from the defendants' motion that it is pure conjecture on their part about whether the

---

[2] A related example of the requests' unreasonableness is that the defendants do not merely request potentially responsive materials within the possession or control of the target agency; the subpoenas demand all responsive materials that are available to the respective agency. Such a demand is impermissibly broad, and not in line with general criminal discovery obligations.

requested materials contain anything germane to the allegations in the Superseding Indictment or to potential defenses.  Furthermore, the defendants' professed knowledge about the existence of the requested materials as resulting from the agencies' "clearly defined roles in the oversight and/or regulation of the controlled pharmaceutical supply chain" does not qualify as the knowledge necessary for the *Nixon* relevancy or specificity prongs. Defs.' Mem. Supp. 4, ECF No. 230.  The defendants cannot establish the facts necessary to satisfy the *Nixon* test through "hope, conjecture, or speculation."  *Ging-Hwang Tsoa*, 2013 WL 5837631, at *2; *see Caro*, 597 F.3d at 620 (holding that issuance of a Rule 17(c) subpoena is not appropriate where the movant "can only speculate as to what the requested information would have shown").

Third, I find that the defendants have not sufficiently established how the sought-after materials would be admissible at trial.  The government is correct that many of the requested agency records may not qualify as relevant nor as records of regularly conducted activity under Rule 803(6) of the Federal Rules of Evidence. The latter is particularly true under the defendants' broad definition of records in their subpoena attachment.  Even if some of the information requested might be relevant to a defense, the "materials [sought under Rule 17] must themselves be admissible" at trial; it is not enough that they "contain information which could be admissible." *Underwood*, 2019 WL 5078351, at *3.  As such, Rule 17(c) subpoenas

"cannot be used to obtain [evidence] that would be excluded on hearsay grounds or would otherwise be inadmissible as evidence at trial." *Id.*

For example, the request for views expressed by various agency actors generally relating to buprenorphine or to submissions by Indivior Inc. disregards the fact that these out-of-court statements by government agents are not admissible as party admissions under Federal Rule of Evidence 801(d)(2). *See id.*; *see also United States v. Ford*, 435 F.3d 204, 215 (2d Cir. 2006) (noting that, for such statements to be admitted, they must be "the equivalent of testimonial statements"); *Skelos*, 2018 WL 2254538, at *5 (denying subpoena request demanding deposition transcripts and email communications due to admissibility issues). As such, the views may become admissible only as non-hearsay during cross-examination under Rules 613 and 801(d)(1) as impeachment evidence.

Consequently, I am concerned that the defendants' unstated reason for requesting these materials may be to introduce the information as impeachment evidence if they decide to call agency employees as witnesses at trial. Impeachment material, however, is not discoverable through a Rule 17(c) subpoena. *See Nixon*, 418 U.S. at 701 ("Generally, the need for evidence to impeach witnesses is insufficient to require its production in advance of trial."); *Lindberg*, 2019 WL 7000089, at *4 ("The rationale underlying this rule is that potential impeachment material does not ripen into such until the witness testifies."). The government also

has an ongoing obligation to produce impeachment evidence to the defendants, so that seeking such materials through a Rule 17(c) subpoena is not proper. In the end, even if some of the materials requested by the defendants may be relevant, the request is not specific enough to permit me to fully assess their admissibility.

Along with the three *Nixon* factors, courts "have recognized various ways in which a subpoena may be unreasonable or oppressive under Rule 17(c)." *In re Grand Jury, John Doe No. G.J.2005-2*, 478 F.3d 581, 585 (4th Cir. 2007). In particular, Rule 17(c) offers a vehicle for a subpoenaed party to assert a constitutional, statutory, or common-law privilege. *See, e.g.*, *Branzburg v. Hayes*, 408 U.S. 665, 688 (1972); *In re Grand Jury, John Doe No. G.J.2005-2*, 478 F.3d at 585. At least some of the information sought by the defendants in their subpoena duces tecum requests may qualify as privileged material.

In particular, categories of documents sought by the defendants may implicate the federal agencies' deliberative process privilege, as well as the state agencies' related privileges and confidentiality obligations.[3] In fact, the defendants explicitly

---

[3] Deliberative process privilege protects pre-decisional "advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated." *Ethyl Corp. v. EPA*, 25 F.3d 1241, 1248 (4th Cir. 1994). *But see Playboy Enters., Inc. v. Dep't of Justice*, 677 F.2d 931, 935 (D.C. Cir. 1982) (holding that report was not within privilege because compilers' mission was simply "to investigate the facts," and because report was not "intertwined with the policy-making process"). If the subpoenas had issued, the federal and state agencies seeking to avoid compliance would have borne the burden to demonstrate unreasonableness. *See United States v. R. Enters., Inc.*, 498 U.S. 292, 300–01 (1991). Each of the states that the defendants subpoenaed agency records from recognize deliberative process privilege. *See*

explain that their desire for certain FDA records is to discern "the depth of analysis undertaken by the FDA to develop [a] statement and the disparate views of any divisions of offices on the same issue." Defs.' Mem. Supp. at 15, ECF No. 230. This goes to the heart of deliberative process privilege, and the defendants may not have been entitled to this information if I were to permit the subpoenas to issue.

The defendants claim that they did not have to utilize the Freedom of Information Act (FOIA) process before seeking Rule 17(c) subpoenas due to the inevitable delay that would ensue. Yet the defendants' attempted use of Rule 17(c) as a discovery device to obtain information from these federal agencies would create a similar litigation-detour as if they had submitted the FOIA requests in the first instance. Regardless, I may consider whether the defendants exercised due diligence to otherwise procure the information before attempting to utilize a Rule 17(c) subpoena. *Ging-Hwang Tosa*, 2013 WL 5837631 at *3 (holding that the movant must make some attempt to obtain the information before resorting to a Rule 17(c) subpoena, and that "inaction is obviously insufficient"). If I were to permit these subpoenas duces tecum to issue, the agencies likely would move to quash or modify due to the above privileges, search their offices for potentially responsive materials,

---

Va. Code. Ann. § 2.2-3705.5; Ky. Rev. Stat. Ann. § 61.878; 65 Pa. Stat. & Cons. Stat. Ann. § 67.708; *Swift v. Campbell*, 159 S.W.3d 565 (Tenn. Ct. App. 2004) (recognizing deliberative process privilege).

perform redactions, and then create an index of asserted privileged materials. This laborious process would delay the trial for months, which goes against the purpose of Rule 17(c).

For these reasons, the government's objections to the magistrate judge's Memorandum Order will be sustained.

IV.

For the foregoing reasons, the Defendants' Objections to the Denial of Rule 17(c) Subpoenas for Key Agency Materials Relevant to Doctors A-D, ECF No. 266, are OVERRULED, the United States' Objections to the Magistrate Judge's Order Authorizing Rule 17(c) Subpoenas, ECF No. 268, are SUSTAINED, and the Memorandum Order of the magistrate judge, ECF No. 247, is OVERRULED.

\* \* \*

At oral argument, the parties eschewed any effort to be obstructive or delay the disposition of this case. The government confirmed that less broad subpoenas would be acceptable and the defendants emphasized the narrow intent of their requests, despite the inclusive language of the requested subpoenas. The government also conceded the likely existence of certain of the requested materials and its relevancy. For these reasons, I direct the parties to promptly confer and seek agreement as to acceptable requests, in light of this opinion. By doing so, the

defendants will not be deemed to have waived their objections to this court's ruling, or to that of the magistrate judge.

It is so **ORDERED**.

ENTER: February 10, 2020

/s/  James P. Jones
United States District Judge